[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband was married to the defendant wife on March 18, 1990 at East Rockaway, New York. Her birth name was Moskowitz.
No children were born to the wife during the marriage.
The husband is forty-one (41) years old and the wife is forty-three (43). Both are in apparent good health and both have post college education.
Neither of the parties is seeking periodic alimony.
The husband is employed by IBM with an annual salary of $64,500. He has been so employed throughout the marriage. The wife is a clerical employee in the billing department of CMP Publication. She earns about $24,000 per year.
The parties have been separated for two years.
The husband accuses the wife of having a volatile has described her as "nasty," "negative" and "extremely unhappy." He testified further that she called him many derogatory and demeaning names.
The wife never articulated to any extent her belief as to what caused the breakdown of the marriage. She indicated that her husband stopped paying the bills and once forced her to have oral sex with him.
The husband's dealing with his company cast a shadow on his veracity. The court concludes that each were responsible for the breakdown.
Having considered all of the testimony and the provisions of Connecticut General Statutes, Secs. 46b-81 and 46b-82, the court further orders as follows: CT Page 3701
1. The marriage has broken down irretrievably, there is no prospect of any reconciliation and a decree of dissolution is entered.
2. No alimony is awarded to either party.
3. The wife shall keep as her own the diamond ring and gold bracelet.
4. The husband shall transfer all of his right, title and interest in the 1987 Mitsubishi automobile to his wife.
5. All of the personal property now in the possession of each party shall be retained by said party except as otherwise provided herein.
6. Each of the parties shall be responsible for his or her own liabilities as shown on their financial affidavits and their own costs and attorneys' fees.
7. The husband shall pay to the wife, as a lump sum property settlement, the sum of $12,000, which sum shall be paid within thirty (30) days.
Mihalakos, J.